IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LAW, Reg. # 38365-044 | * | |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | No. 2:15CV00009-JJV |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by Christopher Law, an inmate in the Federal Correctional Institution, Forrest City Medium. (Doc. No. 2.)

**I.     BACKGROUND**

Mr. Law was arrested with a weapon on March 23, 2010. (Doc. No. 2.) At the time he was on parole in Missouri from previous felonies. (Doc. No. 6.) His parole was revoked in three State of Missouri criminal cases,[1] and he returned to the Missouri Department of Corrections to serve the remainder of the previously imposed four-year concurrent sentences. (Doc. No. 6-1 at 3.) Additionally, Mr. Law's probation was revoked in a fourth case,[2] and he received a seven-year sentence to run concurrently with his four-year sentence. On December 2, 2010, the Eastern District of Missouri indicted Mr. Law for felon in possession of a firearm.[3] (*Id.* at 43.)  The district court issued a Writ of Habeas Corpus ad Prosequendum (Writ) for Mr. Law's initial appearance and

---

[1] 07A1-CR00301-01, 08JE-CR00391-01, and 07JECR2762-01. (Doc. No. 6-1 at 28.)

[2] Missouri Case Number 08JE-CR02608-01

[3] 18 U.S.C. § 922(g)(1).

1

arraignment. (*Id.* at 44.) The district court remanded Mr. Law to the custody of the U.S. Marshal Service (USMS), and he remained in USMS custody until pleading guilty on March 17, 2011, and being sentenced on June 21, 2011. (*Id.* at 47.) He was sentenced to fifty-five months imprisonment to run concurrently with his state sentence, and he would remain housed in the Missouri Department of Corrections. (*Id.* at 34) At that point, the USMS returned Mr. Law to state custody where he remained until he was paroled on December 7, 2012. (*Id.* at 5.) He went into BOP custody on February 12, 2013, and is scheduled for release on July 24, 2015. (*Id.* at 6.)

Mr. Law filed the current Petition on January 27, 2015, arguing that the BOP miscalculated his time-served credit and asking the Court to credit his sentence with the 142 days that he spent in USMS custody through application of the Writ. (Doc. No. 1.) The Government filed a Response arguing that this Court lacks jurisdiction to alter Mr. Law's sentence, and that the BOP correctly calculated that sentence because a concurrent sentence cannot begin running until that sentence has been imposed. (Doc. No. 6.) For the following reasons, this Court agrees.

**II.   ANALYSIS**

The Respondent correctly argues that this Court lacks jurisdiction to adjust Petitioner's sentence. Petitioner states, "It is important for [him] to be clear about what is at issue. He is not seeking 'time credit,' but is seeking a 'sentencing adjustment.'" (Doc. No. 2 at 4.) Generally, an inmate must challenge convictions or sentences through a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). Furthermore, a challenge to the sentence itself must be brought in the court where Petitioner was sentenced. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).

Mr. Law filed the same petition under § 2241 in the Eastern District of Missouri where he was originally sentenced, and that court construed it as a motion to vacate, set aside or correct a

2

sentence under § 2255.[4] The district court dismissed the case because it was time-barred. (Doc. No. 6-1 at 73.) 28 U.S.C. § 2255 allows the petitioner to file a writ of habeas corpus under § 2241 if the ruling on the motion to vacate, set aside or correct "is inadequate or ineffective." Mr. Law has not argued that the ruling dismissing his case in the Eastern District of Missouri was inadequate or ineffective. Therefore, the Eastern District of Arkansas lacks jurisdiction to "adjust" Mr. Law's sentence.

Regardless, the Bureau of Prisons did, in fact, calculate Mr. Law's sentence correctly. Mr. Law asks the Court to adjust his sentence for the period of time that he spent in USMS custody while on a writ of habeas corpus ad prosequendum. However, that writ does not alter a prisoner's custody status, but rather merely changes the location of the custody. *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994). Mr. Law was merely being borrowed from the State of Missouri's custody. After he was sentenced in the Eastern District of Missouri on June 21, 2011, he was returned to state custody. The district court sentenced him to fifty-five months imprisonment to "be served concurrently to the sentences the defendant is currently serving in the Missouri Department of Corrections." (Doc. No. 6-1 at 34.) At this point, his federal sentence began to run. Because he was already in the custody of the State of Missouri, the period of time that he was in USMS on his Writ cannot count as credit toward his federal sentence. His federal sentence had not been imposed, and one cannot be credited for time spent in pretrial-custody when he is in the custody of another sovereign. Therefore, Mr. Law's Petition for Writ of Habeas Corpus must be dismissed because this Court lacks jurisdiction, and furthermore, the BOP correctly calculated his sentence.

## III.   CONCLUSION

After careful review of the Petition, Response, and Reply, the Court concludes the Petition

---

[4]Eastern District of Missouri Case Number 4:15CV00203-ERW

should be DISMISSED.

IT IS, THEREFORE, ORDERED that Mr. Law's cause of action is DISMISSED with prejudice.

SO ORDERED this 7th day of May 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE